## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 17-cv-60229-JEM

DR. DAVID S. MURANSKY, individually,
and on behalf of others similarly situated,

      Plaintiff,

v.

THE CHEESECAKE FACTORY, INC.,
d/b/a THE CHEESECAKE FACTORY a
Delaware corporation,

      Defendant.

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL UNDER RULE 23(g)

Defendant THE CHEESECAKE FACTORY RESTAURANTS, INC. d/b/a THE CHEESECAKE FACTORY ("The Cheesecake Factory" or "Defendant"), by and through its attorneys, hereby opposes Plaintiff's Motion For Appointment As Interim Class Counsel Under Rule 23(g) ("Motion") [DE 20], and in support thereof states as follows:

### I.    PRELIMINARY STATEMENT

Plaintiff's Motion is both premature and unnecessary. In support of his Motion, Plaintiff exclusively and erroneously focuses on the qualifications of Bret Lusskin, Esq., Scott D. Owens, Esq., and Keith J. Keogh, Esq. (collectively, as defined in the Motion, "Proposed Interim Co-Lead Counsel").[1] Where the appointment of interim class counsel is sought, however, the initial and fundamental inquiry is whether the interim class counsel is "necessary" to protect the

---

[1] Because the consideration of the Proposed Interim Co-Lead Counsel's qualifications is premature, Defendant specifically reserves its right to brief all factors bearing on the appointment of class counsel pursuant to Rules 23(g)(1) and (g)(2) when the issue is ripe.

1

interests of the putative class, <u>not</u> whether the lawyers seeking interim class counsel designation are qualified. *See* Fed. R. Civ. P. 23(g)(2)(A), at Advisory Committee Notes ("Rule 23(g)(2)(A) authorizes the court to designate interim counsel *if necessary* to protect the interests of the putative class.") (*emphasis added*). Once a plaintiff establishes that the appointment of interim class counsel is in fact necessary, then the court considers whether the counsel seeking appointment as interim class counsel meets the qualifications set forth in Rules 23(g)(1) and (g)(2).  *See In re Air Cargo Shipping Servs. Antitrust Litig*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *see also In re Bank of Am. Corp. Secs., Derivative & ERISA Litig*, 258 F.R.D. 260, 271-72 (S.D.N.Y. 2009).

The Proposed Interim Co-Lead Counsel represent the Plaintiff and the putative class in this action by reason of the fact that they signed the complaint. There are no other counsel representing Plaintiff or the putative class in this case before this Court and therefore, there is no need to appoint *interim* or any other counsel for Plaintiff. As identified in Plaintiff's Motion, there are two (2) other FACTA class action lawsuits containing "virtually identical allegations" against Defendant -- *Tibbetts v. The Cheesecake Factory Restaurants, Inc.*, Case No. 2:17-cv-00968-LDW-AYS, filed in the Eastern District of New York, and *Zhang v. The Cheesecake Factory Inc.*, Case No. 8:17-cv-00357-CJC-RAO, filed in the Central District of California. Defendant has filed a Motion to Transfer *this case* to the U.S. District Court for the Central District of California [DE 21] where *Zhang* is pending, and intends to also seek the transfer of the *Tibbetts* case to that same federal judicial district.

The existence of multiple pending lawsuits, however, does not create the sort of "rivalry or uncertainty" that has been found to justify interim counsel.  *See* Fed. R. Civ. P. 23, at Advisory Committee Notes.  But, it does counsel that the Court should defer on appointment of interim

class counsel until the motions to transfer have been adjudicated and consolidated, and a court has the opportunity to evaluate all proposed class counsel.

Simply put, Plaintiff has not and cannot demonstrate that the appointment of interim class counsel is necessary to protect the interests of the putative class at this stage in the litigation. As discussed more fully below, none of the recognized reasons justifying the appointment of interim counsel exist in this case. Indeed, Plaintiff does not assert any facts that would support that appointment of interim class counsel is necessary at this stage.  Accordingly, Plaintiff's Motion should be denied.

## II.      MEMORANDUM OF LAW

The commentary to Rule 23 explains that the rule "authorizes [a] court to designate interim counsel during the pre-certification period *if necessary to protect the interests of the putative class.*" *See* Fed. R. Civ. P. 23, at Advisory Committee Notes (*emphasis added*).  Even where multiple suits were filed, interim counsel appointment has been denied where the movant failed to show how such appointment would protect the interests of class members.  *See Trombley v. Bank of Am. Corp.,* Case No. 08–CV–456–JD, 2010 WL 4878992, *2 (D.R.I. Dec. 1, 2010). Here, Plaintiff has not shown why the class is prejudiced by the absence of interim counsel and therefore, Plaintiff's Motion should be denied. *See Carrier v. Am. Bankers Life Assur. Co. of Florida,* Case No. 05–CV–430–JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (denying motion for interim counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.,* 234 F.R.D. 67, 69 (S.D.N.Y. 2006) (denying motion for interim counsel despite ongoing settlement negotiations); *see also Flaum v. Buth Na-Bondaige, Inc. d/b/a The Body Shop*, Case No. 15-62695-CIV-Zloch,

DE 43 (S.D. Fla. Sept. 19, 2016) (denying motion for appointment as interim class counsel without prejudice where, inter alia, "[t]he Court notes that no motion to certify class has yet been filed in the above-styled cause").

### A. Appointment of Interim Counsel Is Premature Before Adjudication of the Motion to Transfer and Consolidation.

Plaintiff seeks appointment of interim counsel while a Motion to Transfer the case to the Central District of California is pending in this case [DE 21], and shortly before a similar Motion will be filed in the *Tibbetts* case pending in the Eastern District of New York. Courts have deferred on motions for appointment of interim counsel while a motion to transfer is pending, reasoning that the evaluation of appropriate counsel should be decided by the transferee court. *See Herman v. YellowPages.com*, Case No. 10-CV-0195-JAH, 2011 WL 1615174, at *5 (S.D. Cal. Mar. 29, 2011) (transferring class action to the Southern District of New York for further proceedings, "including resolution of plaintiffs' pending motion for appointment of co-interim class counsel and liason counsel"); *Byerson v. Equifax Information Services, LLC*, 467 F. Supp.2d 627, 637 (E.D. Va. 2006) (granting motion to transfer Fair Credit Reporting Act class action to District  of South Carolina, and deferring on motion to appoint interim class counsel, reasoning that "[i]t is appropriate for the transferee court to determine which counsel is best suited to represent the class in this action").

The existence of multiple pending related cases does not *per se* require the appointment of interim class counsel, and Plaintiff bears the burden of showing the *necessity* of appointing interim counsel.  *See e.g. Sullivan v. Barclays PLC*, Case No. 13 CIV. 2811, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) ("The movants have not come forward with any showing as to why their appointment as interim class counsel would be beneficial or necessary."). Here, the New York litigation and the California litigation have not yet been transferred or consolidated

4

before one district, and ***until the cases are transferred and consolidated***, Plaintiff's Motion remains premature.

Courts consistently decline to appoint interim class counsel *until* pending cases are consolidated in a single district. *See In re Air Cargo Shipping Services Antitrust Litigation,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("In cases such as this, where multiple overlapping and duplicative class actions ***have been transferred*** to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management.") (*emphasis added*); *Amador v. Logistics Express, Inc.,* Case No. CV-10-4112-GHK, 2010 WL 3489038, at *2 (C.D. Cal. Aug. 27, 2010) (initiating process for appointing interim counsel under Rule 23(g)(3) ***after*** consolidating cases); *Donaldson v. Pharmacia Pension Plan*, Case No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("[T]he Court's research indicates that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court"); *White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court"); *Nutz for Candy v. Ganz,* Case No. C-08-2873-JSW, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008) (declining to appoint interim class counsel when similar cases were pending in other districts and court had "a single action and a single firm seeking to be appointed interim lead counsel"); *Bailey v. OSF HealthCare System*, Case No. 1:16-CV-01137-SLD-TSH, 2017 WL 1102739, at *6 (C.D. Ill. Mar. 23, 2017) (denying motion to appoint interim counsel, holding "[a] review of similar cases suggests that interim lead counsel is typically appointed only when multiple attorneys seek the role in a single case").

*FTL 111204180v1 108125.011800*

Thus, for example, this Court is being asked to rule on interim class counsel without being supplied with information on the class counsel's proposed terms of engagement, the retainer letter, or the proposed fee of class counsel, or, of the other law firms that might represent the class. *See In re: Amla Litigat.*, Case No. 17-CV-111 (JSR), 2017 WL 922478, at *1-*2 (S.D.N.Y. Mar. 8, 2017) (appointing interim class counsel in consolidated class actions ***after the transfer*** of class action from Central District of California, and denying motion for appointment of interim class counsel where one fee proposal was "not negotiated in any meaningful way" and was "unreasonable on its face," but granting another motion for interim class counsel where the terms were not unreasonable); *Amador*, 2010 WL 3489038, at *2 (stating, ***after consolidating class actions***, [w]here the parties cannot agree on a single interim class counsel, a competitive bidding process has often been utilized to identify the counsel which will most effectively represent the interests of the putative classes in a consolidated action").

By deferring on this Motion until after the Motion to Transfer is adjudicated and any consolidation is decided, the court will have the opportunity to weigh the relative merits of all prospective interim class counsel.  However, if the Court must decide on interim class counsel without the benefit of such information, the putative class -- and the Defendant -- is prejudiced. *See Amla*, 2017 WL 922478, at *1 ("This [retainer agreement], which was not negotiated in any meaningful way with the signatory plaintiffs but was simply foisted upon them, is, in the Court's view, unreasonable on its face. In an era when class actions have repeatedly come under criticism for being of the lawyers, by the lawyers, and for the lawyers, a proposal that would put nearly half of any recovery in the pockets of the lawyers suggests that the Amla Group does not have sufficient concern for the welfare of its own clients as to make it the appropriate lead counsel in these cases").

*FTL 111204180v1 108125.011800*

Defendant has filed in this case, and will be filing in the New York action in *Tibbetts*, a motion to transfer the cases to the Central District of California where the *Zhang* class action is pending.  *See* DE 21.  Until the transfer motions are resolved, and until the cases are consolidated into one district, Plaintiff's counsel remains counsel for the putative class, and as a result, Plaintiff's Motion is premature and unwarranted.

### B.   Plaintiff Fails To Show Prejudice To The Putative Class.

Plaintiff does not provide a legal basis for the granting of his Motion, instead, the Motion is merely an incomplete recitation of the standard to appoint interim class counsel followed by three-plus pages of the Proposed Interim Co-Lead Counsel's qualifications. Without more, and without a showing that the appointment of interim class counsel is "necessary to protect the interests of the putative class," Plaintiff fails to meet his burden. As a result, the Motion should be denied.

The Advisory Committee Notes articulate reasons warranting the appointment of interim class counsel:

> Before class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. *Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.*

Fed. R. Civ. P. 23(g)(2)(A), at Advisory Committee Note (*emphasis added*). The concerns set forth in the Advisory Committee's Notes are simply not at issue in this case.  Plaintiff cites to the standard for appointment where there is "uncertainty or rivalry," but does not point to an iota of evidence that any "uncertainty or rivalry" exists.   Motion, p. 3.  Plaintiff does not assert that there is interference from other law firms or a disagreement among the putative class regarding

7

management of the case.  Plaintiff further cites to the standard for appointment where there may be a need for "clarify[ing] responsibility for protecting the interests of the class during precertification activities."  Motion, p. 3.  But, once again, Plaintiff points to no evidence that there is any such need for clarifying responsibility in the Motion.   Indeed, Plaintiff participated in, and submitted to the Court, a proposed Scheduling Order that included dates for class certification.  *See* DE 18.

Accordingly, there is no uncertainty regarding who will take action to prepare for the certification decision, if and when that becomes necessary.  *See* Fed. R. Civ. P. 23(g)(2)(A) Advisory Committee Note ("Ordinarily, [precertification] work is handled by the lawyer [s] who filed the action.").  Further, Plaintiff does not suggest that there is a rivalry among the Proposed Interim Co-Lead Counsel and any other law firms.

Indeed, according to the Motion's Certificate of Service, Plaintiff has failed to notify both, counsel for the New York plaintiff in *Tibbetts* and counsel for the California class representative in *Zhang* of this Motion.  For these reasons, the interests of the putative class are not at risk, and the appointment of interim class counsel is unnecessary.  *See* WRIGHT & MILLER at § 12:293 (because the lawyer's duty to the class is the same, "denying the appointment of interim counsel does not prejudice the putative class in any way."); *In re: Issuer Plaintiff Initial Public Offering Antitrust Litigat.*, 234 F.R.D. 67, 70 (S.D.N.Y. 2006) (denying appointment of interim class counsel where "there is no rivalry among competing law firms").

## III.   CONCLUSION

In sum, Plaintiff's unsupported preemptive strike to designate interim class counsel should be denied as premature and inappropriate.  Plaintiff seeks a preemptive determination of interim class counsel prior to the decision on the transfer motion and any consolidation, and without

providing this Court with any data on the proposed engagement or on the terms of engagement of class counsel in *Zhang* and *Tibbetts*.

Plaintiff has also failed to make any factual showing whatsoever that his request for the appointment of interim class counsel is "necessary" to protect the interests of the putative class. Plaintiff cites to the conditions that *might* -- if they existed -- merit appointment of interim class counsel in certain circumstances, but Plaintiff makes no effort to present any evidence or facts to *show* that these conditions exist.  Based upon the record, there is no reason to believe that the interests of the putative class are at risk. Therefore, absent any showing in the Motion that the appointment of interim class counsel is necessary, and because the other related lawsuits are still pending in separate districts, Plaintiff's Motion should be denied.

**WHEREFORE**, Defendant THE CHEESECAKE FACTORY COMPANY respectfully requests that Plaintiff's Motion For Appointment As Interim Class Counsel Under Rule 23(g) be denied, and for such other and further relief as this Court deems just and appropriate.

*FTL 111204180v1 108125.011800*

Respectfully submitted,

*Attorneys for Defendant*

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

By: */s/ John L. McManus*
_____
  PAUL B. RANIS
  Florida Bar No. 64408
  Email: ranisp@gtlaw.com; rosr@gtlaw.com;
  JOHN L. McMANUS
  Florida Bar No. 0119423
  Email: mcmanusj@gtlaw.com;
  yeargina@gtlaw.com; FLService@gtlaw.com

-and-

LINDA RECK
Florida Bar No. 0669474
Email: reckl@gtlaw.com and
culpepperd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 South Orange Ave., Suite 650
Orlando, FL 32801
Telephone: 407-254-2643
Facsimile: 407-650-8428

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 5th day of April 2017, I served the foregoing by filing it via CM/ECF which will generate Notices of Electronic Filing to all counsel of record on the attached Service List by electronic mail.

      */s/ John L. McManus*
      _____
      JOHN L. MCMANUS

*FTL 111204180v1 108125.011800*

### SERVICE LIST

CASE NO.: 17-cv-60229-JEM
DR. DAVID S. MURANSKY v. THE CHEESECAKE FACTORY, INC.
d/b/a THE CHEESECAKE FACTORY

*Counsel for Plaintiff*

BRET LEON LUSSKIN, JR., ESQUIRE
**BRET LUSSKIN, P.A.**
20803 Biscayne Boulevard
Suite 302
Aventura, FL 33180
Telephone:  954-454-5841
Facsimile: 954-454-5844
Email: blusskin@lusskinlaw.com

SCOTT DAVID OWENS, ESQUIRE
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
Email: scott@scottdowens.com

KEITH JAMES KEOGH, ESQUIRE
**KEOGH LAW, LTD.**
55 W. Monroe
Suite 3390
Chicago, IL 60603
Telephone: 312-726-1092
Facsimile: 312-726-1092
Email: Keith@Keoghlaw.com

*Counsel for Defendant*

PAUL B. RANIS, ESQUIRE
Email:  ranisp@gtlaw.com; rosr@gtlaw.com
JOHN L. McMANUS, ESQUIRE
Email: mcmanusj@gtlaw.com;
yeargina@gtlaw.com; FLService@gtlaw.com
**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
Telephone: 954-765-0500
Facsimile: 954-765-1477

LINDA RECK, ESQUIRE
Email:  reckl@gtlaw.com;
culpepperd@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue
Suite 650
Orlando, FL 32801
Telephone: 407-254-2643
Facsimile: 407-650-8428

11