UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:17-CV-60229-JEM

| | |
|---|---|
| DR. DAVID S. MURANSKY, individually, and on behalf of others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>THE CHEESECAKE FACTORY, INC., d/b/a THE CHEESECAKE FACTORY, a Delaware corporation,<br><br>*Defendant.* | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Putting aside the irregularity of seeking to file a proposed "Reply in Support" of a notice of supplemental authority,[1] Defendant's proposed reply is five-pages long, goes far beyond the out-of-circuit district court case its notice cites, *Kamal v. J. Crew Group, Inc. et al.*, , 2017 WL 2443062 (D.N.J. June 06, 2017), and improperly attempts to both supplement and reargue Defendant's Motion to Dismiss [ECF No. 21]. Accordingly, Defendant's Motion for Leave to File Reply in support of its "notice" should be denied.

Supplemental filings exist for a narrow, limited purpose. They only "should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." *Girard v. Aztec RV Resort, Inc.,* No. 10–62298–CIV, 2011 WL 4345443, at *2

---

[1] The district court decision cited in Defendant's notice of supplemental "authority" is not authority. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017) (**"**published district court opinions . . . have no precedential value").

(S.D.Fla Sept 16, 2011). A supplemental filing should do nothing more. *Id.* "In particular, it should not make legal arguments." *Barron v. Snyder's-Lance, Inc.,* 13-62496-CIV, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014) (Goodman, Mag. J.)(Order Striking Plaintiff's Notice) (citing *Id.)* Specifically, "**A brief statement, if allowed, is just that -- brief. Two pages of quotations and Plaintiffs' gloss as to the meaning of these cases do not constitute 'brief statements.'"** *Id.* (emphasis added).

Defendant's proposed Reply is exactly what the Local Rules and the applicable case law frown upon because it presents four lengthy arguments. First, the proposed reply goes beyond *Kamal* and discusses *Perry v. Cables News Network*, Case No. 16-130-31, 854 F.3d 1336, 2017 WL 1505064 (11th Cir. Apr. 27, 2017), a case *Kamal* does not cite.

Next, the Proposed Reply misstates what *Kamal* says. Defendant makes the unsupported claim that *Kamal* considered whether the person at J. Crew who handed Plaintiff his receipt was a third-party to whom plaintiff's credit card information was disclosed, but *Kamal* said "[p]laintiff's personal information was not disclosed to third parties," *i.e.*, the Court in *Kamal* did not think a third-party received the unlawful disclosure. *Kamal*, 2017 WL 2443062, at *3.

Defendant's reply also attempts to raise entirely new matter beyond *Kamal*. Defendant asserts for the first time that the disclosure of Plaintiff's private credit card information on the receipt to Defendant's sales clerk should not "count" in the Article III analysis because the individual is its agent.. In addition to being improper new matter, this argument is also baseless because it confuses the *legal* question of whether Defendant can be held accountable for the actions of its employees (which is not at issue) with the *factual* question of whether Plaintiff's private credit card information was actually disclosed to someone other than Plaintiff himself on the receipt, thus demonstrating an additional "injury in fact." *Perry*, at 1341 (11th Cir. 2017)

("Supreme Court precedent has recognized in the privacy context that an individual has an interest in preventing <u>disclosure</u> of personal information") (emphasis in original).

Defendant's proposed reply also goes beyond *Kamal* by arguing about *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir.Dec. 13, 2016), a case already discussed in Defendant's Motion to Dismiss, [ECF No. 22, p. 8-9].

A notice of supplemental authority serves only to bring new decisions bearing on a pending motion to the Court's attention, not allow the party serving the notice to re-brief the pending motion. Defendant's motion to file a "Reply in Support" of its notice of supplemental authority should be denied.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to File Reply to Plaintiff's Response to Second Notice of Supplemental Authority and its proposed Reply.

Dated: June 28, 2017

        Respectfully submitted,

        /s/ Scott D. Owens
        Scott D. Owens
        Sean M. Holas, Esq.
        SCOTT D. OWENS, P.A.
        3800 S. Ocean Dr., Suite 235
        Hollywood, FL 33091
        Telephone: (954) 589-0588
        Facsimile: (954) 337-0666
        scott@scottdowens.com

        Keith J. Keogh, Esq.
        Keogh Law, LTD
        55 W. Monroe Street
        Suite 3393
        Chicago, IL 60603
        Telephone: 312-726-1092

        Facsimile: 312-726-1093
        keith@KeoghLaw.com

        Bret L. Lusskin, Esq.
        BRET LUSSKIN, P.A.
        20803 Biscayne Blvd., Suite 302
        Aventura, FL 33180
        blusskin@lusskinlaw.com
        Tel: (954) 454-5841
        Fax: (954) 454- 5844

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on June 28, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel of parties, if any, who are not authorized to receive electronically Notice of Electronic Filing.

        By: */s/ Scott D. Owens*
         Scott D. Owens, Esq.